

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 9, 2015

**By ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Dean Skelos & Adam Skelos,**
             **S1 15 Cr. 317 (KMW)**

Dear Judge Wood:

      The Government respectfully writes in response to the Court's inquiry as to examples of statements by Adam Skelos that the Government believes were exaggerations. As a general matter, the exaggerations by Adam Skelos were designed to promote Adam Skelos's importance and to claim that Adam Skelos had directly assisted his father in achieving certain results for the companies that had paid him when in fact certain actions were taken by Dean Skelos alone with Adam Skelos's knowledge. For example, after Dean Skelos had pressured the Nassau County Executive to pay the Environmental Technology Company at a funeral, Adam Skelos claimed that he was also at the funeral and that he himself spoke to the Nassau County Executive. In particular, Adam Skelos called CW-2 (AS#1396) and told him, in substance and in part, that Adam Skelos had attended "a wake" with his father, at which he learned from the Nassau County Executive that the funds allocated to another project were "not going to affect anything that is, you know, we are doing with stormwater" and that money sought by the Environmental Technology Company would soon be paid. This was an exaggeration in the sense that it was Dean Skelos who had obtained the information at the police officer's wake, not Adam Skelos.

Hon. Kimba M. Wood
November 9, 2015
Page 2 of 2

      In a similar vein, on July 2, 2012, Dean Skelos attended a meeting at Developer-1's office and asked Developer-1 to find a source of income for Adam Skelos (among other occasions when Dean Skelos did so).  On that same date, Adam Skelos wrote an email to one of his employers stating, in sum and substance, that both he and his father were meeting with the founder of Developer-1 to discuss business opportunities.  Again, the Government believes that this was an exaggeration because, based on the Government's investigation, it was only Dean Skelos who met with Developer-1 that day and solicited payments for Adam Skelos.

      The Government will not, of course, claim to the jury that Adam Skelos's statements were true if the Government believes they were not true.  However, as the Government set forth in its opposition to the defendants' motion in limine, the fact that certain of Adam Skelos's statements may have been exaggerations is not a basis to preclude those statements.  *See United States* v. *Gupta*, 747 F.3d 111, 126 (2d Cir. 2014) (defendant's argument that co-conspirator's statements should not be admitted because co-conspirator was simply "'bragging' about his sources" was "at best an argument for the jury").  Among the reasons the statements are admissible are that they are relevant to the defendants' intent and to the victims' state of mind.

                                 Respectfully submitted,

                                 PREET BHARARA
                               United States Attorney

              By:    _/s/_____
                      Rahul Mukhi/Jason A. Masimore/Tatiana Martins
                      Assistant United States Attorneys
                      (212) 637-1581/2580/2215

cc:    G. Robert Gage, Esq.
        Christopher Conniff, Esq.