

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

November 22, 2015

Christopher P. Conniff
T +1 212 596 9036
F +1 646 728 2922
christopher.conniff@ropesgray.com

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007-1312

Re:   *United States. v. Skelos, et al.*, S1 15 Cr. 317 (KMW)

Dear Judge Wood:

    We represent Adam Skelos in connection with the above-referenced matter and submit this letter to respectfully request to include additional portions of the consensual recordings marked for identification as government exhibits 1602 and 1606.[1] It is our understanding that the government intends to introduce these recordings and their corresponding transcripts during the testimony of Bjornulf White. We were informed by the government on Friday evening that Mr. White will be testifying this week and so wanted to bring this issue to the Court's attention.[2] We will be prepared to address these issues tomorrow morning, if convenient for the Court and government.

    Defendants make this request because the government's proposed redactions exclude relevant and contextually required portions of two recorded conversations. Such selective excerpting violates the rule of completeness, which prohibits precisely this type of redaction of a defendant's statements. Fed. R. Evid. 106. *See also United States v. Benitez*, 920 F.2d 1080, 1087 (2d Cir. 1990); *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988). We respectfully request that the government be required to include the brief sections identified below to provide appropriate context to these conversations and to ensure a fair and accurate representation of the evidence.

---

[1] The government's proposed draft transcripts for these calls are attached hereto. For the Court's convenience, we have included in red the additions proposed by the defense.

[2] We conferred with the government prior to filing this letter and could not reach agreement on the excerpts included herein.

ROPES & GRAY LLP

- 2 -                                           November 22, 2015

The first recording at issue, government exhibit 1602, is a February 13, 2015 meeting between Adam Skelos and Bjornulf White. The government's proposed edit of this recording omits three relevant portions of the conversation in a way that "distorts [the recording's] meaning or excludes information substantially exculpatory of the declarant." *Benitez*, 920 F.2d at 1086-87 (quoting *United States v. Alvarado*, 882 F.2d 645, 651 (2d Cir. 1989)).

The first proposed excerpt ends with Adam Skelos's comment that he "had a meeting today for 3 ½ hours with my attorney." GX 1602-T, at 3:9-10. In the government's proposed transcript, the conversation resumes (after an approximately one minute redaction) with Mr. White stating that three and a half hours "[d]oesn't sound fun." GX 1602-T, at 3:16. The two men then go on to discuss certain aspects of the meeting. GX 1602-T, 3:16-24. Defendants request that the missing minute be included since it adds context to the "3 ½ hour meeting." As the Court can see from the revised transcript, Mr. Skelos pointed out to Mr. White that he had walked through his work history with the lawyer and felt good about everything. In particular, Mr. Skelos states, "There's very little that I've done, like, with the State, it's all been, like, private industry. Which is good. And there's very little I've also done with his law firm, Ruskin. Which is also good." In essence, the government has redacted Mr. Skelos's explanation for some of what occurred at the meeting, leaving the jury to speculate on this subject and likely draw a negative conclusion.

The second deletion follows a section of the recording during which Mr. Skelos expressed concern regarding a particular text message. GX 1602-T, at 5:10-11. The government redacted the very next part of the conversation, during which Adam Skelos stated that he "never lobbied for anything" and that his activity was not problematic.[3] This excluded portion of text completes Mr. Skelos's earlier thought and should be included.

The final proposed addition to government exhibit 1602 similarly provides necessary context to the consensually recorded discussion. During a conversation about the need to "be careful" and the possibility of a subpoena, the government has redacted its cooperator's leading question and Mr. Skelos's exculpatory response. GX 1602-T, at 6:2-9. Mr. White asked, "I was gonna ask you, I mean, based on the phone and the way you are now. Like, you've never talked like this before…it's the media stuff?" Adam Skelos reiterated in response that he has done nothing wrong, but merely that "[he would] rather prepare for the worst case scenario." Admitting a portion of the conversation regarding Adam Skelos's anxiety about a possible investigation while redacting a further explanation of his feelings distorts the true nature of the conversation and risks misleading the jury.

---

[3] The government subsequently agreed to include a portion of defendant's proposed addition starting with Adam's comment that "I never lobbied for anything . . . I don't think that's a problem." and ending with White's response ("Right."). This portion is designated in blue in the attached transcript. The remaining portion of the proposed addition provides additional context to Adam Skelos's statement that his activity was not problematic.

ROPES & GRAY LLP

- 3 -                                                                November 22, 2015

   Finally, government exhibit 1606 is a recording of a telephone call between Bjornolf White and Adam Skelos on February 26, 2015.  Included portions of the call concern Abtech's efforts with stormwater P3s and Adam Skelos's intention to "stay completely away from anything . . . having to do with the state."  GX 1606-T, at 1:25-2:2.  At the end of the call, Adam Skelos stated that Bjornulf White should continue to "mov[e] forward as if, you know, I didn't exist" and explained that "if you do that, no one can say anything that, you know, things weren't done appropriately because, they, they are."  These comments help ensure a "fair and impartial understanding of the admitted portion" of this conversation and should therefore be included.  *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987), *cert. denied*, 484 U.S. 844 (1987) (citations omitted).

   Accordingly, defendants respectfully request that the proposed changes be made to government exhibits 1602 and 1606.

Respectfully submitted,

Christopher P. Conniff

cc: All counsel (via ECF)