500 Fifth Avenue, 40th Floor
New York, NY 10110
tel: 212-257-4880
fax: 212-202-6417

www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

**Shapiro Arato LLP**

June 28, 2018

<u>VIA ECF AND EMAIL</u>

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *United States v. Skelos*, No. 15 Cr. 317 (KMW)

Dear Judge Wood:

      We write on behalf of Defendants Dean Skelos and Adam Skelos concerning our anticipated cross-examination of Anthony Bonomo.  The DFS investigation into Bonomo's serious misconduct at PRI resulted in the filing of two civil proceedings:  one against Bonomo's company AFP, and one against Bonomo personally.  We are entitled to cross-examine Anthony Bonomo on these proceedings, which are plainly relevant to Bonomo's motives to testify falsely when asked about the related DFS findings.  Precluding cross-examination on this subject would violate the Skeloses' rights under the Confrontation Clause, as well as the Federal Rules of Evidence.

      **1.**    **The Civil Proceedings**

      On July 10, 2017, PRI filed a demand for arbitration against AFP, which is wholly owned by Bonomo and managed PRI's affairs before being deauthorized by DFS.  Based on DFS's findings and PRI's own investigation of Bonomo's misconduct, PRI "seeks damages [against AFP] in an amount no less than $100 million for breach of contract, breach of fiduciary duty and fraud."  (Dkt. 274 Ex. F; *see also* Dkt. 273 at 6-7).  On July 11, 2017, PRI filed a verified petition against AFP in Nassau County Supreme Court, chronicling Bonomo's misconduct and requesting preliminary relief to ensure that the arbitration award is not rendered ineffectual.  (Dkt. 274 Ex. C).  The court proceeding has been stayed, and the arbitration appears to be underway.  *See Physicians' Reciprocal Insurers v. Administrators for the Professions, Inc.*, Index No. 606636/2017 (Sup. Ct. Nassau Cnty.), Docs. 101-06.

On April 24, 2018, PRI filed a complaint against Anthony Bonomo in Nassau County Supreme Court. The complaint seeks at least $300 million for Bonomo's "breach of fiduciary duty, fraud, conversion, gross negligence, and unjust enrichment," based on the misconduct uncovered by DFS, as well as additional, related fraud and dishonesty. (Dkt. 314 & Ex. A). The case is pending, and Bonomo has not yet filed an answer. *See Physicians' Reciprocal Insurers v. Anthony J. Bonomo et al.*, Index No. 605395/2018 (Sup. Ct. Nassau Cnty.), Doc. 12.

## 2. The Skeloses Are Entitled To Cross-Examine Bonomo On These Proceedings

The Court should allow the Skeloses to cross-examine Bonomo on the civil proceedings against him and his company in order to show that he has a motive to lie when asked about the DFS findings.

A "defendant's right under the Confrontation Clause to an effective cross-examination" includes the right to impeach the witness's character for truthfulness under Rule 608(b). *United States v. Cedeño*, 644 F.3d 79, 82 (2d Cir. 2011). The "character for truthfulness" of a "government witness" is necessarily "at issue during the trial, and information that impeache[s] his credibility [is] highly relevant." *United States v. Ulbricht*, 858 F.3d 71, 108 (2d Cir. 2017). "In applying [Rule 608(b)], '[w]hile a district court may impose reasonable limits on cross-examination . . . [,] it must also give wide latitude to a defendant in a criminal case to cross-examine government witnesses." *United States v. White*, 692 F.3d 235, 248 (2d Cir. 2012) (quoting *Cedeño*, 644 F.3d at 82) (quotation marks omitted); *see also id.* at 251; *United States v. Kozlovski*, No. 10-CR-458 RRM, 2011 WL 4916915, at *1 (E.D.N.Y. Oct. 14, 2011). A "trial judge's discretion cannot be expanded to justify a curtailment which keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony." *United States v. Pedroza*, 750 F.2d 187, 196 (2d Cir. 1984) (quotation marks omitted).

In its June 15 Order on the parties' motions *in limine*, the Court held that several DFS findings are "proper topics for cross-examination under Federal Rule of Evidence 608(b)" because "they suggest that Anthony Bonomo acted deceptively" and are thus "probative of [his] character for truthfulness." (Dkt. 363 at 2-3). The Court permitted defense counsel to question Bonomo on both the "DFS findings and the underlying conduct related to those findings." (*Id.* at 4; *see also id.* at 2-3).

However, when Bonomo is asked about the DFS findings against him and the misconduct underlying those findings, he is likely to claim that he did nothing wrong, regardless of the truth. In fact, Bonomo has an overwhelming financial motive to deny everything, because his testimony at trial will be used against him in the two civil proceedings. Those proceedings are based on the very same misconduct that we will probe during cross-examination. Thus, if Bonomo admits to wrongdoing, he could face personal liability of over $300 million and a $100 million judgment against a company that he wholly owns. The jury is entitled to know that Bonomo's denials are colored by a powerful incentive to lie so that it can properly evaluate his credibility. Indeed, courts regularly permit questioning on civil litigation and liabilities in order to establish the witness's motive to testify falsely. *See, e.g., United States v. Harris*, 185 F.3d 999, 1007-08 (9th Cir. 1999) (district court violated Confrontation Clause when it prevented defendant from cross-examining witness on civil lawsuit against her, which gave her a motive

The Hon. Kimba M. Wood

June 28, 2018                                                                                                                    Page 3

"to lie or shade testimony"); *United States v. Petrillo*, 821 F.2d 85, 86 (2d Cir. 1987) (observing that "[o]n cross examination, the defense" was allowed to "establish that [the cooperator] . . . was seeking to lessen his civil tax liability by implicating others"); *United States v. Singh*, 628 F.2d 758, 761 (2d Cir. 1980) (permitting government to preempt impeachment of its witness by asking him about his unpaid money judgment against the defendant, which gave the witness "a strong motive to testify in a manner consistent with his testimony in the civil suit"); *Vanlandingham v. McKee*, No. 05-10249, 2008 WL 4097406, at *5-6 (E.D. Mich. Sept. 4, 2008) (trial court violated Confrontation Clause when it prevented defendant from questioning witness on a planned "civil lawsuit" that gave her a "financial motive for testifying").[1]

Respectfully submitted,

/s/ Alexandra A.E. Shapiro

Alexandra A.E. Shapiro

cc:     Counsel of Record

---

[1] *See also United States v. Carreon*, 572 F.2d 683, 684 (9th Cir. 1978) (reversing conviction in part because defendant was not allowed to cross-examine cooperating witness about the subject matter of the civil suit against him); *Leslie v. Roberson*, No. 15 C 02395, 2017 WL 2243098, at *10 (N.D. Ill. May 22, 2017) (trial court violated Confrontation Clause when it "prohibited [the defendant] from questioning [the witness] about [a] pending civil lawsuit" against him); *Savastano v. Hollis*, No. 02-cv-3299 (JBW), 2003 WL 22956949, at *16 (E.D.N.Y. Oct. 10, 2003) (observing that criminal defendant was permitted to cross examine witness on "related civil lawsuit" to show witness's "supposed monetary motive to fabricate").