

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2020

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *United States v. Dean Skelos*, S1 15 Cr. 317 (KMW)

Dear Judge Wood:

The Government writes to respond to the inquiries posed by the Court during the April 21, 2020 conference call in this matter.

1. Furlough Update: The Bureau of Prisons ("BOP") as not yet resolved whether to furlough Dean Skelos. The Government has followed up with BOP staff on at least a daily basis to see if there have been any developments, and will notify the Court as soon as it learns of a BOP decision.

2. Inquiry Regarding Medications: The Government has asked the BOP about Skelos's access to his medications during his quarantine. The BOP has informed the Government that Skelos's medications are "self-carry," meaning that he keeps his medications with him and is responsible for taking the medications on his own.  The BOP further informs the Government that Skelos's medications were last filled on April 13 and that he currently has his medications.

3. Exhaustion: For the reasons set forth in the Government's prior briefing, Section 3582(c)'s exhaustion requirement is mandatory and cannot be excused by the Court. (*See* Dkt. 497 at 1-2; Dkt. 498 at 1-3; Dkt. 503 at 3-4; Dkt. 512 at 2). However, given that Skelos submitted his administrative request on March 26, 2020, he will have satisfied the 30-day waiting period as of April 25, 2020.

4. Jurisdiction: Skelos's pending appeal deprives this Court of jurisdiction to grant his motion for compassionate release. (*See* Dkt. 512 at 2-4). Since the Government's prior submission on this issue, at least two additional courts in this District have similarly concluded they lacked jurisdiction to grant a motion for compassionate release in light of a pending appeal. *See United States v. Moseley*, No. 16 Cr. 79 (ER), 2020 WL 2020 WL 1911217, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Vigna*, No. 16 Cr. 786 (NSR), 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020). In *Moseley*, Judge Ramos issued a so-called "indicative ruling" under Federal Rule of

Hon. Kimba M. Wood
April 23, 2020

Criminal Procedure 37, indicating that the compassionate release petition presented a "substantial issue." The defendant then sought and the Second Circuit promptly granted a limited remand so that Judge Ramos could resolve the petition. *See Moseley*, 16 Cr. 79 (ER), Dkt. 216.

5. The Merits: If the Court ultimately reaches the merits, the Government respectfully submits that it should deny Skelos's petition for compassionate release. As an initial matter, the defendant is still being considered for furlough, an outcome that would clearly warrant denial of the motion for compassionate release. Under those circumstances, Skelos will have received precisely the relief he seeks: The ability to take temporary refuge from COVID-19 at his home, rather than in prison. Any grant of compassionate release *in addition to* such a furlough would serve no purpose other than to grant Skelos the windfall of not serving the remainder of his well-deserved sentence.

Even if the BOP does not furlough Skelos, the Court should deny Skelos's motion for at least two reasons. First, in evaluating whether the defendant can meet his burden of establishing "extraordinary and compelling" reasons warranting his immediate release, it bears mention that because the defendant has already tested positive for COVID-19 – and thankfully appears to have had very mild symptoms and has now remained asymptomatic for nearly two weeks – much of the premise of his motion has been defeated. In particular, the Court now has some assurance that granting the motion is not necessary to prevent "unfair risk to [the defendant's] life" or to ensure he "is able to live beyond his term of incarceration" (*see* Dkt. 507 (Skelos Motion) at 6), because the defendant has contracted and recovered from COVID-19 within a BOP facility. Because the defendant appears to be neither suffering from a terminal illness nor one that cannot be adequately addressed in a prison facility, he does not meet the criteria for compassionate release. *See* U.S.S.G. § 1B1.13, Application Note 1.

Judge Liman recently faced a similar situation in *United States v. Russo*, 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020). Judge Liman wrote that he had been prepared to grant compassionate release, but then learned that the defendant has contracted COVID-19. *Id.* at *7-*8. As such, "releasing Mr. Russo from [prison] will not provide him with the protection sought by his motion: relief from the risk of contracting COVID-19." *Id.* at *8. Moreover, the defendant – like Skelos – had fairly mild symptoms, and the court could not say that the defendant or others would be made safer by his release. *Id.* Thus, Judge Liman denied the motion. The Government is aware of no case in this District in which an inmate who has contracted COVID-19 has been granted compassionate release.

Second, consideration of the Section 3553(a) factors weighs heavily against granting the motion. The defendant's crimes were exceptionally serious – he not only abused his position for his personal benefit repeatedly, but he was part of a culture of corruption that infested state government and eroded public trust in its leaders. To release the defendant now, particularly absent a compelling medical need to do so, would only further erode the public's confidence that corrupt public officials will be held to account for their crimes. Indeed, there is an exceptional public interest in seeing this defendant serve his sentence, one the Government respectfully submits should weigh heavily as the Court considers the pending motion.

Hon. Kimba M. Wood
April 23, 2020

      That is particularly true given that the defendant has repeatedly turned down the Court's invitation to pursue relief more tailored to the risk he purportedly seeks to avoid. Because any heightened risk to Skelos posed by COVID-19 is necessarily temporary, and Skelos has more than two years left on his sentence, a request for bail pending appeal would unquestionably achieve his stated purpose. Yet Skelos has repeatedly refused to seek that remedy, hoping instead for an unjustified windfall. Under these circumstances, the Court should deny the motion. Allowing Skelos to choose his preferred remedy would be particularly unjustified and would risk sending a troubling message that Skelos has evaded being held responsible for his conduct and instead received preferential treatment.

      Respectfully submitted,

      AUDREY STRAUSS
      Attorney for the United States,
      Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____
      Edward B. Diskant
      Thomas McKay
      Douglas Zolkind
      Assistant United States Attorneys