```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 24, 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA

              v.

DEAN SKELOS,

              Defendant.
---------------------------------------------------------------X

15-CR-317 (KMW)
**OPINION AND ORDER**

KIMBA M. WOOD, District Judge:

On March 30, 2020, Defendant Dean Skelos moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of COVID-19. (ECF No. 508.) On April 15, 2020, the Government stated in writing to the Court that Defendant had tested positive for COVID-19 and "will be approved for furlough and home confinement." (ECF No. 512.) The Government urged the Court to defer ruling on Defendant's motion for compassionate release, representing that the motion would be moot upon the BOP's "imminent" action; all that remained was for the United States Probation Department to approve Defendant's proposed residence. (*Id.*) The Court obliged, and directed the Government to provide an update as soon as it learned that Defendant was to be released, and no later than April 20, 2020. According to Defendant, a BOP official told Defendant on April 17, 2020 that he would be released on furlough in three days and Defendant signed paperwork related to the furlough. (ECF No. 521.)

On April 20, 2020, the Government informed the Court that the United States Probation Department had approved Defendant's proposed residence, but that the BOP had apparently reversed its decision: now a "final determination" had yet to made as to whether it would grant Defendant a furlough, and the BOP was "unlikely" to grant Defendant home confinement. (ECF

No. 516.)  The Court held a telephone conference on April 21, 2020.  The Government has at no point produced or described any new policy that renders Defendant ineligible for furlough.  The Government alluded to a change in Department of Justice policy, which rendered Defendant newly ineligible for home confinement because he has not yet served half of his sentence.

The Government wrote to the Court on April 23, 2020; the Government's letter is silent on the BOP's decision with regard to home confinement, and states with regard to furlough only that the BOP has "not yet resolved whether to furlough Dean Skelos."  (ECF No. 520.)  The Government states that it has sought daily updates from the BOP but reports no "developments."

On the same day, defense counsel reported to the Court that Defendant is now suffering from costochondritis, an inflammation of the cartilage that connects the ribs to the sternum. (ECF No. 521.)  Defense counsel states that the condition can be brought on by viral respiratory infections like COVID-19.  Defense counsel also states that Defendant is being held in solitary confinement, and is permitted out of his cell for only one hour every other day.  Defense counsel states that Defendant may shower and change his clothes exclusively during these one-hour periods.

In light of the urgency and seriousness of the present circumstances, including those expressed in the Court's April 12, 2020 Opinion and Order, and in light of the BOP's prior representations to the Court through Government counsel, the Court expected that Defendant would be granted a furlough or home confinement.  The Court requires the BOP to inform the Court by 5:00 p.m. on April 27, 2020, whether Defendant will be granted a furlough, or whether the BOP will grant Defendant release on home confinement.

If the BOP does not intend to grant Defendant a furlough, the Government shall submit an affidavit by 5:00 p.m. on April 27, 2020 from the appropriate BOP decision-maker explaining

why the BOP initially stated that Defendant "will be approved for furlough….", and then later stated that, instead of being approved for furlough, Defendant is merely under consideration for furlough.

If the BOP decides not to seek home confinement for Defendant, the BOP decision-maker shall submit an affidavit, by 5:00 p.m. on April 27, 2020, explaining why BOP first decided that Defendant "will be approved for … home confinement," and later reversed its decision.  The decision-maker shall also state whether there is a reason, in light of all of Defendant's circumstances, not to grant Defendant a deviation from the policy that prioritizes for home confinement those who have served 50% of their sentences, or who have served 25% of their sentences and have 18 months or fewer remaining on their sentences.

If the BOP decides that Defendant should remain in custody, the Court requests that the appropriate BOP decision-maker also explain (1) what provisions (if any) will be made to isolate Defendant from other inmates without compromising Defendant's own health and that of other inmates; and (2) what provisions will be made to provide appropriate medical treatment for Defendant, in light of his COVID-19-positive status and his costochondritis, as well as his age and other underlying conditions.

SO ORDERED.

Dated: New York, New York
    April 24, 2020                                                     /s/ Kimba M. Wood
                                                                    KIMBA M. WOOD
                                                  United States District Judge